IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTIO ZANOTTO,

        Petitioner,

    v.

SNAKE RIVER CORR. INST.,

        Respondent.

Case No. 2:20-cv-00854-SI

OPINION AND ORDER

Mattio Zanotto
#18645449
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914-8335

        Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Assault conviction dated September 14, 2016. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed.

<u>**BACKGROUND**</u>

In February 2016, Petitioner proceeded to a jury trial in Klamath County on one charge of Attempted Murder, one count of Assault in the First Degree, two counts of Assault in the Second Degree, and two counts of Unauthorized Use of a Weapon. The jury acquitted him of Attempted Murder, Assault in the First Degree, and one count of Assault in the Second Degree but found him guilty of the remaining counts by 10-2 votes on each charge. The trial court merged the convictions into a single count of Assault in the First Degree and sentenced Petitioner to 70 months in prison.

Petitioner directly appealed, but the Oregon Court of Appeals granted the State's Motion for Summary Affirmance. Respondent's Exhibit 114-116. He did not seek further review in the Oregon Supreme Court, and the Appellate Judgment issued on November 1, 2017.

Petitioner did not file for post-conviction relief in Oregon's state courts. Instead, two and a half years after the conclusion of his direct appeal, he filed his Petition for Writ

of Habeas Corpus wherein he claims that his non-unanimous convictions are unlawful.[1] Respondent asks the Court to dismiss the Petition because it is untimely. Although Petitioner's supporting memorandum was due July 26, 2021, he has neither filed such a brief nor has he communicated with the Court since paying the $5.00 filing fee on June 5, 2020.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

///

---

[1] Respondent calculates the filing date of the Petition as May 1, 2020, which represents the date Petitioner signed the pleading. Arguably, May 14, 2020 is the filing date under the prison mailbox rule as Petitioner states in his Petition that this is the date he delivered his Petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (*pro se* prisoners are deemed to file documents on the date they deliver them to prison authorities for mailing to the Court). However, where Respondent uses the May 1 deadline in its calculations, where that date is more advantageous to Petitioner, and where the 13-day difference makes no difference to the ultimate outcome of this case, the Court also considers May 1 to be the date on which Petitioner "filed" his Petition.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, Petitioner's direct review became final when the Appellate Judgment issued on November 1, 2017. Although habeas petitioners are generally entitled to tolling during the 90-day period within which they can file a petition for writ of certiorari with the United States Supreme Court, *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999), Petitioner in this case was ineligible to file for certiorari because he never petitioned the Oregon Supreme Court for review during his direct appeal. Accordingly, the AEDPA statute of limitations began running November 2, 2017 and ran unabated until Petitioner filed his habeas corpus Petition on May 1, 2020. This places his Petition well outside of the one-year statute of limitations.

Petitioner may wish to argue that an intervening Supreme Court decision restarted the AEDPA's statute of limitations. In *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020), the Supreme Court concluded that the Sixth Amendment right to a jury trial afforded criminal defendants encompasses a requirement that the

jury's decision be unanimous. In order for the Supreme Court's decision in *Ramos* to reset the AEDPA statute of limitations, however, the Supreme Court must expressly declare that it applies retroactively to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). On May 17, 2021, the Supreme Court resolved this question and concluded that *Ramos* does not apply retroactively to cases on collateral review. *Edwards v. Vannoy,* 141 S.Ct. 1547 (2021). Accordingly, the Petition for Writ of Habeas Corpus is not timely.

Even if Petitioner had timely filed this case such that the Petition were properly before the Court for a decision on the merits, he would not be entitled to relief. The only claim Petitioner raises in his Petition asserts that, in light of *Ramos,* the trial court erred in accepting a non-unanimous jury verdict. At the time of Petitioner's trial and direct appellate proceedings, it was clearly established federal law that non-unanimous verdicts in criminal cases were permissible. *Apodaca v. Oregon,* 406 U.S. 404 (1972). In fact, until the *Ramos* decision, *Apodaca* constituted the Supreme Court's relevant holding on the non-unanimous verdict issue for almost 40 years. Consequently, where *Ramos* does not apply retroactively to this case, Petitioner's allegation that the trial court erroneously accepted a non-unanimous jury verdict lacks merit in the federal habeas corpus context. *See Greene v. Fisher,* 565 U.S. 34, 38

(2011) (under habeas corpus review, the pertinent precedents by which to measure a state-court decision are the relevant Supreme Court holdings that existed at the time the state court rendered its decision).

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is dismissed, with prejudice, on the basis that it is untimely. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

September 2, 2021
_____
DATE

/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge